UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

Matthew Jenkins

        PLAINTIFFS

- Against -

THE CITY OF NEW YORK, DET ORLAN ZAMBRANO,
and P.O. JOHN or JANE DOE 1 through 10, individually
and in their official capacities, the true names of JOHN or
JANE DOE being presently unknown.

        DEFENDANTS

----------------------------------------------------------------X

**COMPLAINT**

15 CV 5889

**JURY TRIAL DEMANDED**

Plaintiff Matthew Jenkins, by his attorney, RAOUL ZALTZBERG, ESQ., of Zaltzberg & Hutchinson, LLC., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff Matthew Jenkins is a male and has been at all relevant times a resident of Kings County and the State of New York

7. Defendant City of New York is a municipal corporation organized under the law of the State of New York.  It operates the New York City Police Department, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Detective Orlan Zambrano ("Zambrano"), Shield No. Unknown; at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Zambrano is sued in his individual and official capacity.

9. At all times hereinafter defendants P.O.'s "JOHN and JANE DOE" #1-10 were duly sworn police officers of the NYPD, and were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe #1-10 are sued in their individual and official capacities.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

## STATEMENT OF FACTS

11. On October 13, 2012 at approximately 7:55 p.m. at Bergen Street and Nostrand Avenue, Mr. Jenkins was walking on the sidewalk when he was stopped by defendants.

12. Defendants, including Zambrano, approached the plaintiff and told him to put his hands on the gate.

13. Defendants, including Zambrano, then began searching plaintiff while shouting, "Where is it? Where is it you piece of shit."

14. Defendants, including Zambrano, then begin punching and striking defendant who fell to the ground while screaming "stop resisting."

15. At no point did plaintiff resist arrest.

16. Defendants, including Zambrano, then began choking plaintiff and attempting to get him to open his mouth.
17. Plaintiff briefly lost consciousness.
18. Defendants, including Zambrano, proceeded to then pull down his pants and insert an item into his anus.
19. Plaintiff was then transported to Woodhull Hospital.
20. While awaiting x-rays, plaintiff was handcuffed to a hospital bed. Defendants began to punch and strike the plaintiff in the face and body causing him to fall off the bed.
21. As plaintiff was lying on the floor defendants continued to punch and kick plaintiff while screaming "Where is it. Where is it you piece of shit. Tell us."
22. Defendants then place plaintiff back on the bed and when the nurse returns tell her "he fell off the bed."
23. Plaintiff, as a result of the defendants' actions, suffered bruising to the face, head, chest and ribs. He was treated for a head injury and has since begun suffering from seizures, a condition plaintiff never had prior to this incident.

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats and realleges each and every allegation set forth herein.
25. All of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under the color of state law.
26. All of the aforementioned acts deprived plaintiff of the rights privileges, and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and are in violation of 42 U.S.C. § 1983.
27. The aforementioned individual defendants in their capacities as police officers carried out the acts complained of, with all of the actual and/or apparent authority attendant thereto.
28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, Collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

30. Plaintiff repeats and realleges each and every allegation set forth herein.
31. The level of force employed by defendants was objectively unreasonable and in violation of plaintiffs constitutional rights.
32. As a result of defendant's unlawful actions, plaintiff suffered injuries, severe emotional distress, humiliation and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## DELIBERATE INDIFFERENCE TO SAFETY/MEDICAL NEEDS

33. Plaintiff repeats and realleges each and every allegation set forth herein.
34. The individual defendants were of a risk to the plaintiff's safety and a need for medical care and failed to act in deliberate indifference to the plaintiff's needs.
35. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.
36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
## FAILURE TO INTERVENE

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.
38. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.
39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

  I. Compensatory damages against all defendants, jointly and severally;
  II. Punitive damages against the individual defendants, jointly and severally;

III. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

IV. Such other and further relief as this Court deems just and proper.

DATED:   October 12, 2015
         New York, New York

                                                       /s/

Raoul Zaltzberg, Esq.
Zaltzberg & Hutchinson, LLC
305 Broadway
Suite 900
New York, NY 10007
(212) 323-7418

*Attorney for Plaintiff*