UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------- x

MATTHEW JENKINS,

        Plaintiff

    - against -

CITY OF NEW YORK, and
ORLAN ZAMBRANO

        Defendants.

------------------------------------------------------- x

**MEMORANDUM OF DECISION**

15 CV 5889 (RJD)

DEARIE, District Judge

    Before the Court is Defendants' motion to bifurcate for trial Plaintiff Matthew Jenkins' Monell[1] claim against Defendant City of New York ("City") from his claim for excessive force against NYPD Detective Orlan Zambrano. Trial begins September 16, 2019. For the reasons that follow, Defendants' motion is granted.

    Rule 42(b) of the Federal Rules of Civil Procedure gives district courts broad discretion to bifurcate claims or issues at trial "in furtherance of convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Bifurcation is appropriate when "the litigation of the first issue might eliminate the need to litigate the second issue ...or where one party will be prejudiced by evidence presented against another party." Amato v. City of Saratoga Springs, N.Y., 170 F.3d 311, 316 (2d Cir. 1999) (internal citations omitted).

    These considerations favor bifurcation in this case, with each claim to be tried seriatim in front of a single jury. As courts often find in cases involving Monell claims, the City's liability is derivative of Zambrano's individual liability—if a jury finds that Zambrano did not violate

---

[1] Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978)

Plaintiff's constitutional rights, there can be no liability against the City. See Mineo v. City of New York, 2013 WL 1334322 at *1 (E.D.N.Y. Mar. 29, 2013) (noting "[c]ourts in this Circuit favor bifurcating Monell claims" and collecting cases). While some evidence and testimony the parties will seek to offer will be relevant to both claims, much of what the Plaintiff needs to establish to succeed on his Monell claim goes well beyond what is at issue in the excessive force claim against Zambrano. Thus, if Zambrano prevails on the excessive force claim, there will be no need for the additional evidence and testimony. And if Plaintiff prevails, the jury will have already heard and seen the relevant overlapping evidence. Clearly, bifurcation will allow the case to be tried more quickly, efficiently and fairly.

Bifurcation is also appropriate to avoid the risk that Zambrano will be prejudiced by evidence introduced to support Plaintiff's claim against the City. See Ismail v. Cohen, 706 F.Supp. 243, 251-52 (S.D.N.Y. 1989), aff'd 899 F.2d 183 (2d Cir. 1990). While the fact that Zambrano was the subject of multiple investigations by IAB and CCRB that never resulted in any reprimand is probative of the City's deliberate indifference, it is not evidence that Zambrano used excessive force in those instances. Nonetheless, there is a serious danger that a jury would take this evidence to mean just that and therefore readily assume that Zambrano must have used excessive force against Plaintiff. Id. (finding bifurcation appropriate given the risk that evidence admissible on one issue against one defendant will "contaminate the mind of the finder of fact in its consideration of the liability of the other defendant.").

Even if the prior investigations were evidence of prior misconduct, Federal Rule of Evidence 404(b) prohibits the use of other wrongful acts against a defendant merely to show that the defendant had the propensity to commit the act in question. Fed. R. Evid. 404(b)(1). Plaintiff has not sufficiently articulated another reason this evidence is relevant to his claim against

Zambrano other than to have the jury infer his "guilt." The fact that the City's handling of these investigations may have led Zambrano to believe that he had the NYPD's blessing to do as he saw fit speaks to the foreseeability of Plaintiff's injury to the City, not the culpability of Zambrano in the specific incident. See Sango v. City of New York, 1989 WL 86995, at *15 (E.D.N.Y. July 25, 1989) (finding that "the inaction of the CCRB could well have been the proximate cause of plaintiff's injuries" because inadequate investigations could have led the officer "to believe [his] conduct, no matter how improper, would go unpunished."). Similarly, the Court does not agree that evidence about prior investigations is necessarily probative to whether Zambrano or his supervisor lied about the specific incident in this case. To the extent that Plaintiff wishes to challenge Zambrano or other witnesses' credibility, he is free to do so within reasonable limits as prescribed by the rules of evidence.

Bifurcation of Plaintiff's Monell claim and individual claim against Zambrano would further Rule 42(b)'s goals of efficiency and convenience while ensuring that Zambrano is not unduly prejudiced. Given that the Court intends to try both claims in front of a single jury, any concerns about repeated testimony is de minimis. Accordingly, Defendants' motion to bifurcate is granted.

SO ORDERED:

s/Raymond J. Dearie

Dated: August 6, 2019
Brooklyn, NY

Raymond J. Dearie
United States District Judge

3